Megan E. Glor, OSB No. 930178
Email: megan@meganglor.com
**Megan E. Glor, Attorneys at Law, PC**
707 NE Knott Street, Suite 101
Portland, OR  97212
Telephone: (503) 223-7400
Facsimile: (503) 751-2071

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **MATTHEW N. BERNING,** | Case No.   3:20-cv-1907 |
| Plaintiff, | **COMPLAINT** |
| v. | **(Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a))** |
| **HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,** | |
| Defendant. | |

### I.   NATURE OF THE CASE

1.

This is an action for a determination of plaintiff's rights to long-term disability ("LTD") benefits and to recover such benefits and other equitable relief.

/ /

COMPLAINT - Page 1 of 9

2.

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*.

3.

In October 2014, plaintiff became disabled as the result of terminal brain cancer (Glioblastoma Multiforme) and treatment thereof, and submitted a claim for LTD benefits through his employer's LTD plan, which is insured by the defendant. Defendant approved plaintiff's claim and paid LTD benefits for approximately five years. Defendant then wrongfully terminated plaintiff's claim and monthly LTD benefit, effective May 7, 2020.

## II.    PARTIES

4.

*Berning*.  Plaintiff Matthew N. Berning is an adult and a resident of Multnomah County, Oregon. Plaintiff was an employee of PricewaterhouseCoopers LLP ("PwC") within the meaning of ERISA § 3, 29 U.S.C. § 1002(6).

5.

Plaintiff is a "participant," as defined by ERISA § 3, 29 U.S.C. § 1002(7), of the PwC LTD plan (the "LTD Plan"), which is insured by defendant through a policy of insurance issued to PwC.

6.

*Hartford*.  Defendant Hartford Life Insurance Company is a foreign insurance company licensed and authorized to sell insurance, including disability insurance, in

Oregon. Defendant is an "administrator" of the LTD Plan within the meaning of ERISA § 3, 29 U.S.C. § 1002(16). Defendant is a "fiduciary" of the LTD Plan within the meaning of ERISA § 3, 29 U.S.C. § 1002(21) and with respect to plaintiff's LTD claim at issue in this case. Defendant also pays the fully insured LTD benefits provided through the LTD Plan.

### III. JURISDICTION AND VENUE

7.

Jurisdiction of this Court arises pursuant to ERISA, 29 U.S.C § 1001, et seq., ERISA § 502, 29 U.S.C. 1132(a)(1)(B), (a)(3) and (e)(1). Venue is proper under ERISA § 502, 29 U.S.C. § 1132(e)(2) because, *inter alia*, defendant resides or may be found in this district.

### IV. STATEMENT OF FACTS

8.

Plaintiff began to work for PwC in 2009.

9.

In October 2014, plaintiff was diagnosed with Glioblastoma Multiforme, an incurable, terminal cancer with a 10-year survival rate of less than one percent. He has undergone extensive treatment for his terminal brain cancer, including, neurosurgery, radiation, and chemotherapy. Plaintiff stopped working effective October 7, 2014, due to his terminal illness, and has remained disabled since then.

/ /

/ /

COMPLAINT - Page 3 of 9

Megan E. Glor
Attorneys at Law, P. C.
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

10.

Due to disabling symptoms of his terminal illness, plaintiff applied for benefits through PwC's group short-term disability plan and through the LTD Plan. Defendant approved plaintiff's disability claim effective October 7, 2014 and, after exhaustion of the LTD Plan's 180-day elimination period, paid plaintiff a monthly LTD benefit commencing April 11, 2015.

11.

Defendant paid plaintiff's LTD claim for more than five years, from April 11, 2015, through May 7, 2020, when defendant terminated the claim and plaintiff's monthly LTD benefit, asserting that plaintiff was no longer disabled under the terms of the LTD Plan.

12.

By letter dated August 5, 2020, received by defendant no later than August 6, 2020, plaintiff submitted a request for review of defendant's decision terminating his LTD claim, pursuant to ERISA.

13.

Pursuant to 29 CFR § 2560.503-1(i)(3)(i), defendant was required to issue a benefit determination on review no later than 45 days after its receipt of plaintiff's request for review, barring special circumstances requiring an extension. Even in the event such special circumstances existed, defendant, after giving specific required notice, was entitled to an extension of no more than 45 days and was required to issue its benefit determination on review no later than 90 days after its receipt of plaintiff's request for

**COMPLAINT - Page 4 of 9**

Megan E. Glor
Attorneys at Law, P. C.
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

review, which deadline was November 4, 2020.

14.

Defendant failed to issue its benefit determination on review on or before November 4, 2020.

15.

Pursuant to 29 CFR § 2560.503-1(l)(2)(i), plaintiff is "deemed to have exhausted the administrative remedies available under the plan" and accordingly, is "entitled to pursue any available remedies under section 502(a) of the Act [ERISA] on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim," and plaintiff's "appeal is deemed denied on review without the exercise of discretion by an appropriate fiduciary."

16.

All conditions precedent to the filing of this action have been performed, were excused, or would be futile.

17.

Plaintiff is entitled to approval and reinstatement of his LTD claim effective May 7, 2020, and continuing each month thereafter so long as he remains disabled, until he has received LTD benefits for the maximum duration permitted under the LTD Plan.

/ /

/ /

/ /

/ /

**COMPLAINT - Page 5 of 9**

Megan E. Glor
Attorneys at Law, P. C.
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

V. CLAIMS

**FIRST CLAIM -- CLAIM FOR BENEFITS, ENFORCEMENT OF RIGHTS AND CLARIFICATION OF FUTURE BENEFITS RIGHTS UNDER ERISA § 502(A)(1)(B), 29 U.S.C. § 1132(A)(1)(B)**

18.

Plaintiff realleges paragraphs 1 through 17, above.

19.

Pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), plaintiff is entitled to (1) recover benefits due under the LTD Plan that defendant wrongfully withheld commencing May 7, 2020, (2) enforce his rights under the terms of the LTD Plan, and (3) clarify his right to future benefits under the terms of the LTD Plan.

**SECOND CLAIM -- ERISA CLAIM TO ENFORCE TERMS OF THE PLAN UNDER § 502(a)(3), 29 U.S.C. § 1132(a)(3)**

20.

Plaintiff realleges paragraphs 1 through 19, above.

21.

Pursuant to ERISA § 3(21), 29 U.S.C. § 1002(21), because defendant is responsible for the approval, payment, and/or denial of benefits under the terms of the LTD Plan, defendant is a fiduciary under ERISA.

22.

ERISA imposes strict fiduciary duties upon plan fiduciaries, including defendant. ERISA § 404(a)(1)(C), 29 U.S.C. § 1104(a), states in relevant part, that a plan fiduciary must discharge its duties with respect to a plan "solely in the interest of the participants

**COMPLAINT - Page 6 of 9**                                           Megan E. Glor
                                                                     Attorneys at Law, P. C.
                                                                     707 NE Knott Street, Suite 101
                                                                     Portland, OR 97212
                                                                     (503) 223-7400

and beneficiaries and…in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this title and Title IV."

23.

Defendant has violated its obligations under ERISA § 404(a)(1)(C), 29 U.S.C. § 1104(a), by failing to act in accordance with the documents and instruments governing the LTD Plan and has breached its fiduciary duty to plaintiff.

24.

As a direct and proximate result of defendant's acts and omissions, plaintiff has suffered losses and is entitled to relief under ERISA.

25.

Plaintiff seeks recovery of all losses, including, but not limited to, relief compelling defendant to restore to plaintiff all losses, including interest, arising from defendant's breaches of fiduciary duties.

26.

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), provides that a participant or beneficiary may obtain other appropriate equitable relief to redress violations of ERISA or enforce plan terms. To the extent full relief is not available under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(b), plaintiff seeks equitable remedies, including, without limitation, relief from defendant's unjust enrichment, as well as disgorgement, restitution, estoppel, surcharge, and/or injunctive or declaratory relief arising out of defendant's failure to administer the terms of the LTD Plan.

**COMPLAINT - Page 7 of 9**

Megan E. Glor
Attorneys at Law, P. C.
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

**THIRD CLAIM -- Claim for Attorney Fees and Costs
Under ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1)**

27.

Plaintiff realleges paragraphs 1 through 26, above.

28.

Plaintiff is entitled to his attorney fees and costs under ERISA § 302(g)(1), 29 U.S.C. § 1132(g)(1).

## VI.  REQUEST FOR RELIEF

**WHEREFORE**, plaintiff requests that this Court:

(1) Enter judgment in favor of plaintiff and against defendant for damages in an amount to be proven at trial due to defendant's failure to provide benefits due under the LTD Plan;

(2) Enter judgment in favor of plaintiff and against defendant establishing plaintiff's right to receive benefits under the LTD Plan and enforcing the terms of the LTD Plan pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B);

(3) Award such other relief as is just and proper pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3);

/ /

/ /

/ /

/ /

**COMPLAINT - Page 8 of 9**

Megan E. Glor
Attorneys at Law, P. C.
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

(4) Award plaintiff his attorney fees and costs pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2).

DATED: November 5, 2020.

                                              s/ Megan E. Glor
                                              Megan E. Glor, OSB No. 930178
                                              Megan E. Glor, Attorneys at Law
                                              707 NE Knott Street, Suite 101
                                              Portland, OR  97266
                                              Phone: (503) 223-7400
                                              Fax: (503) 751-2071
                                              Attorney for Plaintiff